QIU YU CHEN, Petitioner,

v.

Michael B. MUKASEY, Attorney General,* Respondent.

No. 07–4361–ag.

United States Court of Appeals, Second Circuit.

May 2, 2008.

Gary J. Yerman, New York, NY, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, David V. Bernal, Assistant Director, Jeffrey R. Leist, Attorney, United States Department of Justice, Civil Division, Office of Immigration Litigation, Washington, DC, for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. GUIDO CALABRESI, Hon. ROBERT D. SACK, Circuit Judges.

---

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Acting Attorney General Peter D. Keisler as the respondent in this case.

## SUMMARY ORDER

Petitioner Qiu Yu Chen, a native and citizen of the People's Republic of China, seeks review of the September 14, 2007 order of the BIA denying her motion to reopen and to file a successive asylum application. *In re Qiu Yu Chen,* No. A70 892 058 (B.I.A. Sept. 14, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). "An abuse of discretion may be found ... where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Id.* at 233–34.

■ We conclude that the BIA did not abuse its discretion in denying Chen's motion to reopen as untimely. As the BIA noted, its prior decision was issued in August 2002, but Chen did not file her motion until April 2007, long after the 90–day deadline had passed. *See* 8 C.F.R. § 1003.2(c)(2). The BIA properly found that Chen's motion did not qualify for an exception to the time limitation. *See id.* It is well settled that the birth of U.S. citizen children is not evidence of changed conditions in China. *See Li Yong Zheng v. U.S. Dep't of Justice,* 416 F.3d 129, 130–31 (2d Cir.2005).

■ Despite Chen's submission of various allegedly official Chinese government documents, as well as recent country reports and a letter from her father, the BIA did not abuse its discretion in concluding that she failed to provide sufficient evidence to support her allegation that condi-tions in China have materially changed. We have previously reviewed the BIA's consideration of similar evidence in the context of an untimely motion to reopen and have found no abuse of discretion in its conclusion that such evidence was insuf-ficient to establish changed conditions in China. *See, e.g., Wei Guang Wang v. BIA,* 437 F.3d 270, 275 (2d Cir.2006); *Jian Huan Guan v. BIA,* 345 F.3d 47 (2d Cir. 2003).

■ We also conclude that the BIA did not abuse its discretion in concluding that Chen provided insufficient evidence that the birth of her U.S. citizen child violated the family planning policy in her area of residence in China, or that the implemen-tation of sanctions resulting from any pos-sible violation would rise to the level of persecution. *See Jian Xing Huang v. INS,* 421 F.3d 125, 129 (2d Cir.2005). We therefore decline to examine Chen's argu-ment challenging the BIA's finding that she must comply with the requirements of a motion to reopen in order to file a "suc-cessive" asylum application because, even assuming *arguendo* that the BIA's conclu-sion was erroneous, Chen failed to estab-lish *prima facie* eligibility for asylum. *See Xiao Ji Chen,* 471 F.3d 315, 338–39 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. Having complet-ed our review, the Petitioner's pending motion for a stay of removal is DIS-MISSED as moot.